UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRODERICK DAVID SAVAGE,

                Petitioner,

v.

JAMES SCHIEBNER,

                Respondent.

_____/

Case No. 1:25-cv-669

Honorable Maarten Vermaat

**<u>OPINION</u>**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

In *Day v. McDonough,* 547 U.S. 198 (2006), the Supreme Court concluded that a district court could *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d), even after the government had forfeited its timeliness defense by failing to raise that argument in its response. In *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015), the Sixth Circuit determined that the district court could *sua sponte* dismiss a habeas action as time-barred during the Rule 4

screening process as well. The *Shelton* court made clear, however, that the *Day* Court's requirement that the "district court 'must accord the parties fair notice and an opportunity to present their positions,'" applied to consideration of the timeliness question on Rule 4 preliminary review. *Shelton*, 800 F.3d at 294.

After undertaking the review required by Rule 4, the Court concludes that, on the face of the petition, it appears that Petitioner's request for habeas relief is barred by the one-year statute of limitations. Nonetheless, the Court will provide Petitioner the requisite notice and opportunity to be heard by way of an order to show cause why his petition should not be dismissed as untimely.

**Discussion**

## I.    Factual Allegations

Petitioner Broderick David Savage is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon Heights, Muskegon County, Michigan. Following a jury trial in the Livingston County Circuit Court, Petitioner was convicted of one count of armed robbery, in violation of Mich. Comp. Laws § 750.529, one count of unlawfully driving away a motor vehicle, in violation of Mich. Comp. Laws § 750.413, one count of felonious assault, in violation of Mich. Comp. Laws § 750.82, one count of carjacking, in violation of Mich. Comp. Laws § 750.529a, and four counts of possession of a pneumatic gun during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. *See People v. Savage*, 935 N.W.2d 69, 73–74 (Mich. Ct. App. 2019). On June 26, 2017, the trial court sentenced Petitioner as a third-offense habitual offender, Mich. Comp. Laws § 769.11, to 29 to 40 years' incarceration for the armed robbery and carjacking convictions, 5 to 10 years' incarceration for the unlawfully driving away conviction, and 4 to 8 years' incarceration for the felonious assault conviction. *See id.* at 75. Those sentences were "to be served concurrently to each

2

other, but consecutive to four concurrent prison terms of two years each for the felony-firearm

convictions." *Id.*

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals. The

court of appeals affirmed Petitioner's convictions and sentences on April 23, 2019. *See id.* at 73.

The Michigan Supreme Court denied Petitioner's application for leave to appeal on November 20,

2019. *See People v. Savage*, 935 N.W.2d 317 (Mich. 2019). Petitioner did not seek a writ of

certiorari from the United States Supreme Court. (§ 2254 Pet., ECF No. 1, PageID.2.)

Petitioner represents that he filed a motion for relief from judgment pursuant to Michigan

Court Rule 6.502 in the trial court on February 6, 2020. (*Id.*, PageID.3.) Petitioner has attached a

copy of the trial court's June 21, 2020, opinion and order denying the Rule 6.502 motion. (ECF

No. 1-1, PageID.45–53.) The trial court denied Petitioner's subsequent motion for reconsideration

on July 20, 2020. (*Id.*, PageID.54.) Petitioner then filed an application for leave to appeal, which

the trial court construed as an unauthorized successive Rule 6.502 motion and ordered the

application denied on September 11, 2020. (*Id.*, PageID.55–56.) The Michigan Court of Appeals

denied Petitioner's delayed application for leave to appeal on February 23, 2021. (*Id.*, PageID.57.)

The Michigan Supreme Court denied Petitioner's application for leave to appeal on July 6, 2021,

*see People v. Savage*, 961 N.W.2d 195 (Mich. 2021), and subsequently denied Petitioner's motion

for reconsideration on December 1, 2021, *see People v. Savage*, 966 N.W.2d 358 (Mich. 2021).

Petitioner's exhibits indicate that he returned to the trial court and filed what he called an

application for leave to appeal on December 19, 2022. (ECF No. 1-1, PageID.61.) The trial court

denied the motion, concluding that it was obligated, pursuant to Rule 6.502(G), to "return without

filing any successive motions" to Petitioner. (*Id.*, PageID.62.) Petitioner filed yet another

application for leave to appeal on April 17, 2023, which the trial court denied on May 25, 2023, again concluding that it was obligated, pursuant to Rule 6.502(G), to "return without filing any successive motions" to Petitioner. (*Id.*, PageID.63–64.)

Shortly thereafter, Petitioner returned to the trial court with a motion to stay, filed on June 12, 2023, and with a successive Rule 6.502 motion, filed on July 18. 2023. (*Id.*, PageID.65.) The trial court denied the motions, concluding that it was again obligated, pursuant to Rule 6.502(G), to "return without filing any successive motions" to Petitioner. (*Id.*, PageID.66.) The trial court denied Petitioner's subsequent motion for reconsideration on October 20, 2023. (*Id.*, PageID.68–71.) The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on April 8, 2024. (*Id.*, PageID.72.) The Michigan Supreme Court denied Petitioner's application for leave to appeal on August 30, 2024. *See People v. Savage*, 10 N.W.3d 275 (Mich. 2024).

Subsequently, on October 17, 2024, Petitioner filed a state petition for habeas corpus in the Muskegon County Circuit Court. *See* Register of Actions, *Savage v. Mich. Dep't of Corr.*, Case No. 2024-0000004824-AH (Muskegon Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C14 (enter "Savage" for "Last Name or Business," enter "Broderick" for "First Name," select Search, then select the entry for Case No. 2024-0000004824-AH) (last visited Aug. 26, 2025).

Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his petition as of what appears to be June 13, 2025. (§ 2254 Pet., ECF No. 1, PageID.13.) However, the envelope in which Petitioner mailed his petition is postmarked as of June 12, 2025. (*Id.*, PageID.14.) Clearly, Petitioner could not have placed his petition in the prison

4

mailing system a day after it was postmarked. A prisoner can establish timely filing under the prison mailbox rule by providing other evidence, such as a postmark or date-stamp, indicating timely filing. *See United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016). Here, the Court will deem June 12, 2025, the postmark date, to be the date on which Petitioner filed his § 2254 petition.

Petitioner raises the following four grounds for relief in his § 2254 petition:

I.      Actual Innocence.

II.     My right to be free from unlawful search and seizure (U.S. Const. Amend. IV) was violated.

III.    I was denied effective assistance of counsel as guaranteed by U.S. Const. Amend. VI.

IV.     I was denied due process in accordance with U.S. Const. Amends. V & VI.

(§ 2254 Pet., ECF No. 1, PageID.5–10.)

## II.      Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.    Timeliness Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As set forth *supra*, the Michigan Supreme Court denied Petitioner's application for leave to appeal on November 20, 2019. *See People v. Savage*, 935 N.W.2d 317 (Mich. 2019). Petitioner did not seek a writ of certiorari from the United States Supreme Court. (§ 2254 Pet., ECF No. 1, PageID.2.)

Petitioner's one-year limitations period under § 2244(d)(1)(A) did not begin to run until the 90-day period during which Petitioner could have sought review in the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Here, the 90-day period expired on Tuesday, February 18, 2020. Petitioner had one year from that date,[1] until Thursday, February 18, 2021, to file his habeas petition. As set forth above, Petitioner filed his § 2254 petition on June 12, 2025. Obviously, absent tolling, Petitioner filed well more than one year after the time for direct review expired.

---

[1] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

### B.    Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner represents that he filed his first Rule 6.502 motion in the trial court on February 6, 2020. (§ 2254 Pet., ECF No. 1, PageID.3.) Those post-conviction proceedings remained pending until December 1, 2021, when the Michigan Supreme Court denied Petitioner's motion for reconsideration of the denial of his application for leave to appeal.[2] *See People v. Savage*, 966 N.W.2d 358 (Mich. 2021).

When Petitioner filed his Rule 6.502 motion on February 6, 2020, the one-year limitations period for purposes of AEDPA had not yet begun to run because Petitioner filed his Rule 6.502 motion prior to when the 90-day period for seeking a writ of certiorari from the United States Supreme Court expired. Petitioner, therefore, is entitled to statutory tolling until December 1, 2021. Petitioner, therefore, had one year from that date, or until December 1, 2022, to file a timely § 2254 petition. As noted *supra*, Petitioner did not file his § 2254 petition until June 12, 2025.

As set forth above, Petitioner filed numerous successive Rule 6.502 motions, as well as a state petition for habeas corpus, beginning on December 19, 2022. Even if the Court were to presume that those motions were "properly filed application[s] for State post-conviction or other collateral review" that serve to statutorily toll the limitations period, Petitioner filed all of those motions **after** the one-year limitations period for purposes of AEDPA expired on December 1,

---

[2] The Supreme Court has concluded that because tolling is limited to the time that the collateral attack is pending, it is not extended by the filing of a petition for certiorari or the expiration of the time for filing such a petition. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

2022. Thus, those filings do not serve to "revive" the one-year AEDPA limitations period; the statutory tolling provision does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id.*

In sum, Petitioner is entitled to statutory tolling until December 1, 2021, when proceedings regarding his first Rule 6.502 motion concluded. Petitioner, however, is not entitled to statutory tolling for the time during which any of his subsequent Rule 6.502 motions and state petition for habeas corpus were pending. Even with the benefit of statutory tolling, Petitioner's § 2254 petition is still untimely.

### C.    Equitable Tolling

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not raise any arguments regarding equitable tolling. The fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d

452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen v. Yukins*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

> **D.  Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' is factual innocence." *Bousley v. United States*, 523, U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

As his first ground for relief, Petitioner contends that he is asserting a claim of actual innocence. (§ 2254 Pet., ECF No. 1, PageID.5.) In support, Petitioner states:

> The victim, upon calling to report the crime against her, stated her assailant was "not Black." My former associate was Caucasian, and received permission to use the vehicle as I was under the impression he had lawful possession of the vehicle. His identity could have been discovered via fingerprinting because he wasn't wearing gloves when I received permission to use the car.

(*Id.*) Petitioner, however, indicates that he raised this argument both on direct appeal and in his February 6, 2020, Rule 6.502 motion. (*Id.*, PageID.6.)

On direct appeal, Petitioner argued that the evidence was insufficient to convict him, "focus[ing] on inconsistences between his physical appearance and the description that the hotel clerk initially gave police of the robber's height and skin color." *Savage*, 935 N.W.2d at 76. The Michigan Court of Appeals noted that "[t]o the extent that there were conflicts between the hotel clerk's initial description of her assailant and [Petitioner's] actual appearance, it was up to the jury to consider those conflicts together with the remaining evidence relevant to the identity of the robber." *Id.* Petitioner reiterated this argument in his 2020 Rule 6.502 motion, and the trial court summarily denied it, noting that it was precluded from reconsidering the issue given the court of appeals' conclusion. (ECF No. 1-1, PageID.49.)

Although Petitioner has couched his argument as an actual innocence claim, he simply does not mention any new evidence, nor does he proffer any new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Instead, Petitioner seeks to revisit the state courts' conclusion that there was sufficient evidence presented to sustain his convictions. That is insufficient for purposes of *Schlup*. *See Ozier v. Harry*, No. 17-1803, 2018 WL 34554217, at *2 (6th Cir. June 13, 2018) ("Ozier does not rely on new evidence but instead argues that the evidence presented at trial was insufficient to establish his guilt."); *see also Holloway v. Jones*, 166 F. Supp. 2d 1185, 1191–92 (E.D. Mich. 2001) (rejecting a claim of actual innocence for purposes of timeliness because the petitioner's claim relied "solely upon the evidence presented at trial, including his testimony that he shot the victim in self-defense"). Accordingly, because Petitioner has wholly failed to provide

10

evidence of his actual innocence, he would not be excused from the statute of limitations under 28
U.S.C. § 2244(d)(1).

      **E.**      **Timeliness Under § 2244 (d)(1)(B)–(D)**

While Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A), that "subsection . . .
provides one means of calculating the limitation with regard to the 'application' as a whole . . .
judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6.
Petitioner does not claim that he was impeded from filing his § 2254 petition by State action, nor
does he rely upon a new right made retroactively applicable to cases on collateral review. Thus,
§§ 2244(d)(1)(B) and 2244(d)(1)(C) do not apply.

Petitioner also does not set forth any facts suggesting that § 2244(d)(1)(D) renders his
§ 2254 petition timely filed. As set forth above, that subsection provides that the limitations period
commences on "the date on which the factual predicate of the claim or claims presented could
have been discovered through the exercise of due diligence." Under § 2244(d)(1)(D), the time
under the limitations period begins to run is when a petitioner knows, or through due diligence,
could have discovered, the important facts for his claims, not when the petitioner recognizes the
legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich.
2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). "The question under the provision
is not when prisoners first learned of the new evidence; it is when they should have learned of the
new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th
Cir. 2004). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a
petitioner gathers every possible scrap of evidence that might support his claim. *Id.* (quoting *Sorce
v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999))." *Id.* "Rather, it is the actual or putative
knowledge of the pertinent facts of a claim that starts the clock running on the date on which the
factual predicate of the claim could have been discovered through due diligence, and the running

of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998)).

Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 Fed. Appx. 801, 804 (6th Cir. 2002). Unsupported and conclusory arguments are insufficient to warrant application of § 2244(d)(1)(D). *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims). The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue." *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000).

Petitioner raises four grounds for relief in his § 2254 petition. He indicates, however, that he raised grounds I and III either on direct appeal or in one of his various Rule 6.502 motions. (§ 2254 Pet., ECF No. 1, PageID.6, 9.) In light of the foregoing, the Court sees no possible basis for Petitioner to claim that § 2244(d)(1)(D) could apply to render grounds I and III timely raised.

Petitioner suggests that he has raised ground II in a 2025 habeas corpus petition (*id.*, PageID.8), and that he has not raised ground IV in any State post-conviction proceedings because he "recently discovered the absence of documents but ha[s] no state remedies available" (*id.*, PageID.10). For ground IV, Petitioner states that he "presented the documents to state courts but they were not addressed." (*Id.*) Petitioner's second and fourth grounds for relief, however, concern his belief that the warrant for his arrest lacked probable cause because he did not fit the description of the suspect sought. (*Id.*, PageID.7, 10.) Petitioner provides no suggestion as to when he "recently

discovered the absence of documents." Moreover, Petitioner essentially challenged the description

of the suspect given to police during direct appeal proceedings. Petitioner would have been well

aware of the discrepancies between the description of the suspect provided to police and his

appearance while his criminal proceedings were still pending before the trial court and on direct

appeal. Thus, at this time, the Court cannot conclude that Petitioner is entitled to belated

commencement of the limitations period under § 2244(d)(1)(D).

In sum, based on the allegations set forth in the petition, even with the benefit of statutory

tolling, the one-year limitations period had expired well before Petitioner filed his § 2254 petition

on June 12, 2025. Petitioner offers no basis to conclude that his petition is timely based on statutory

tolling or equitable tolling. Moreover, as set forth above, Petitioner has not demonstrated

entitlement to belated commencement of the limitations period at this time.

## Conclusion

The Supreme Court has directed the District Court to give fair notice and an adequate

opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*,

547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will

allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.


Dated:    September 4, 2025                        /s/ *Maarten Vermaat*

                                                  Maarten Vermaat
                                                  United States Magistrate Judge